# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 6:15-CR-00077-JDK-JDL |
| v. | § |
| | § |
| | § |
| KEITHAN RAY ADDISON (5), | § |
| | § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 7, 2021, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Keithan Ray Addison. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matt Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on total offense level of 17 and criminal history category of III, was 30 to 37 months. On June 14, 2017, District Judge Ron Clark sentenced Defendant to 46 months imprisonment, pursuant to a binding plea agreement accepted by the Court, followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and a $100 special assessment. On April 12, 2019, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release by submitting urine specimens that tested positive for

methamphetamine on or about November 2, 2020, January 28, 2021, and February 11, 2021. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised released. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by possession of methamphetamine as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 8 months imprisonment, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Keithan Ray Addison's plea of true be accepted and he be sentence to 8 months imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI El Reno, or if unavailable, at FCI Texarkana. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 7th day of June, 2021.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE